## In re SECOND CLASS INCORPORATION OF VILLAGE OF KASSAN.

No. 1331–KA.

First Division: Ketchikan.

March 7, 1930.

Wm. L. Paul, of Juneau, for petitioners.

H. L. Faulkner, of Juneau, for defendants.

HARDING, District Judge.

This case involves a petition for the incorporation of a small Indian village at Kassan, Alaska.

The court feels that the Legislature of the territory has placed a grave responsibility upon the court in requiring it to pass upon petitions for the incorporation of villages of this nature; and the problem, in many respects, is a difficult one.

In the matter of these incorporations, many questions may arise which, in the opinion of the court, would make incorporation inadvisable; and it must be borne in mind that, once created, an agency is established of an enduring nature, one which cannot and will not be dissolved except under unusual circumstances.

In determining the granting of a petition of this nature, the court feels, among other things, a real necessity for the incorporation should be shown. This real necessity should arise out of the needs of the entire community and not be a mere desire to try an experiment in the way of municipal self-government. The court further feels that the enduring nature of the community should be established. It is aware of the temporary nature of certain of the small communities in Southeastern Alaska which, in a large measure, shift, according to the fishing conditions in this section, and the court feels that, where incorporation is asked for,

the permanent nature of the community in question should be well established, based upon the economic situation of the community in question.

■ The court further feels that, where a petition is presented for incorporation, it should be shown not only that the burdens of the parties and interests affected will be equal and just, but that the benefits to be derived by these parties and interests will be equally distributed and just, and that those who are to pay the expenses which will necessarily arise out of the incorporation, or which may arise out of the incorporation, will be in a position to protect their interests and see to the proper and reasonable expenditure of the money which may be raised under the broad powers of taxation conferred by the Legislature upon the cities in Alaska, and which may amount to a 2 per cent. tax upon the property in such incorporated city.

■ The court further feels that it should be shown, not only that a few of the citizens of this community may be qualified to assume the duties and responsibilities arising out of such incorporation, but that the entire community, educationally and otherwise, is qualified fundamentally to do so, and has a clear understanding of the nature of the undertaking for which they ask.

The court does not feel that it should be required to guess in these matters and speculate that possibly the incorporation asked for will work out satisfactorily, but feels that it has a right to know from the evidence introduced.

■ In this case not only has it not been shown by the evidence before the court that these conditions exist, but the court feels that, from the evidence that has been introduced before it, these conditions do not exist, and therefore the petition for the incorporation of Kassan is disallowed.